IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02310-GPG

R. KIRK MCDONALD,

    Plaintiff,

v.

COLORADO'S 5TH JUDICIAL DISTRICT,
THE HONORABLE FREDERICK WALKER GANNETT, District Court Judge, 5th Judicial District, Colorado,
COLORADOO'S 18TH JUDICIAL DISTRICT,
THE HONORABLE MARK HANNEN, District Court Judge, 18th Judicial District, Colorado,
COLORADO ATTORNEY GENERAL CYNTHIA COFFMAN, and
ARAPAHOE COUNTY DIST. ATTORNEY,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, R. Kirk McDonald, has filed *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) will be granted.

    The Court must construe the Complaint liberally because Mr. McDonald is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Mr. McDonald asserts three claims for relief contending his federal constitutional rights have been violated as a result of adverse rulings in Colorado state court cases. Mr. McDonald provides the following description of the nature of this action, which is quoted verbatim without correcting or identifying errors in spelling, grammar, or punctuation.

> 7. This case is an original proceeding and arises from Colorado's 5th & 18th Judicial District's violation of the plaintiff's due process rights, civil rights and for violating plaintiff's protections under equal protection clause of the United States Constitution. Plaintiff a victim of a mortgage fraud scheme "bait & switch" by two national banks sought restitution in Colorado's 5th Judicial District ("5th District"). Plaintiff at the same time became victim of an out-of-time action by his home owners association ("HOA") in state court; where HOA was without standing.
>
> 8. The first case proceeded in the 5th District during late 2009, in that case the sitting judge ruled in contravention of standing Colorado statutory law and preemptive federal statutory law. Therefore breaching the supremacy laws under United States Constitution for mortgage brokers, mortgage lending and federal disclosures pursuant to federal Real Estate Settlement Procedures Act ("RESPA"); Truth In Lending Act ("TILA"), Section 5 of the Federal Trade Commission Act, and other numerous standing federal and Colorado statutes for mortgage lending to many to name in this short statement.
>
> 9. During the case, sitting judge refused to provide plaintiff with order to precede *pro se*; at which time defendant and 5th District acted in nexus, defendants requesting summary judgment; the state court refusing to allow plaintiff to present his case. The 5th District willfully and with malicious intent refused to supply judgment thereby preventing appeal to a higher court. Without a judgment in the case, 5th District

requested, invited and granted defendants ex-parte motions for garnishment of the plaintiff's assets under color of law. Plaintiff filed motion before the Colorado Court of Appeals for violation of his due process, civil rights, equal protection rights and violation of plaintiff's 5th, 6th, 8th and 14th amendments rights under Constitution.   Plaintiff now appellant prevailed in case 2011-ca-1537, the appellate court ordering its lower court 5th District; (1) finish the case as prior order was interlocutory; (2) serve plaintiff courts interlocutory order; (3) craft in writing a final judgment; (4) after creating a final judgment serve judgment to the plaintiff; (5) enter final judgment in the ROA/Record.

10.   Simply, the 5th District refused to obey any and all orders and judgment of its superior court, acting in nexus with defendants and counsel willfully and with malicious intent violating plaintiff's due process rights, civil rights, equal protections plaintiff's 5th, 6th, 8th, and 14th amendment rights as outlined under United States Constitution.

11.   The second case proceeded in Colorado's 5th District with the same sitting judge.   HOA brought a civil action against Eagle County & plaintiff in state court 18 months after parties notified; the Eagle Board of County Commissioners ("BOCC") approved alteration of plaintiff's zoned land use upon his agricultural property.   HOA's protective convents limiting actions to within 12 months, if premised.   HOA's action also barred by Colorado Revised Statutes ("C.R.S."), Section § 38-41-119 and § 38-33.3-123(2), also barred under Colorado Planned Unit Development Act ("PUD Act") § 24-67-101.   HOA's action also barred by Colorado Constitution; HOAs' hold no authority to approve or deny zoned land use in Colorado, Eagle County.   The sitting judge without providing a final judgment and serving that judgment to the plaintiff; willfully and with malicious intent sought to thwart plaintiff's appeal by again refusing to provide a final judgment and serve judgment to plaintiff.

12.   As this was the second occurrence Colorado's 5th District refused to following Colorado's and United States Constitutions and provisions therein for due process, equal protection and civil rights; plaintiff filed a contempt motion before the Colorado Court of Appeals, the appellate court

       stating it was without jurisdiction to hold lower courts in contempt.

       13. Therefore, plaintiff's filed a criminal motion pursuant to C.R.S. § 16-5-209, commonly known as Colorado's "special prosecutor statute." The sitting judge in Colorado's 18th District refused to hold a hearing asking the Colorado's Attorney General Office ("AG") and Arapahoe Counties District Attorneys Office ("DA") why they refused to prosecute clear violations of Colorado statutory law and violations of the plaintiff's Constitutional Rights.

       14. Several months later, Colorado's Supreme Court removed sitting 5th District judge; judge resigning from the Colorado Justice System, to preserve his state retirement. Because the 18th District refused to hold a substantive hearing regarding Colorado's 5th District violations and breach of plaintiff's constitutional rights under color of law, plaintiff sought appeal. Colorado's 18th District willfully and with malicious intent refused to provide either CD transcript or a written transcript of proceedings in the 18th District after plaintiff paid via credit card for such record. The case was dismissed for failure to provide transcript.

(ECF No. 1 at 2-5.) As relief Mr. McDonald seeks declarations that his rights have been violated. He also seeks injunctive relief directing the state judicial districts named as Defendants to take certain actions.

It is not clear whether the state court proceedings described above that are relevant to Mr. McDonald's claims in this action have concluded. There is no apparent indication in the voluminous documents attached to the Complaint that the state court proceedings are ongoing. However, Mr. McDonald alleges that the underlying state court cases "have not concluded because the state court has intentionally refused to obey appellate court orders, craft and serve final judgments to parties." (ECF No. 1 at 22, ¶57.)

If the relevant state court proceedings have concluded, the Court lacks jurisdiction to consider Mr. McDonald's federal constitutional claims in this action pursuant to the *Rooker-Feldman* doctrine. In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

If, as Mr. McDonald contends, the state court proceedings relevant to his federal constitutional claims are not final, the Court will abstain from exercising jurisdiction in this action in accordance with *Younger v. Harris*, 401 U.S. 37, 44 (1971). Pursuant to *Younger*, federal courts must refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances. *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996). Abstention under *Younger* is appropriate when three conditions are met.

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must

> involve important state interests, matters which traditionally
> look to state law for their resolution or implicate separately
> articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

In the instant action, all three of these conditions are met. First, Mr. McDonald contends that the state court proceedings are ongoing. Second, Mr. McDonald may raise his constitutional claims in the course of the state court proceedings. Finally, it is apparent that the state court actions regarding Mr. McDonald's real property in Eagle County involve important state interests. Therefore, the Court will abstain from exercising jurisdiction and the complaint and the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) is granted. It is

FURTHER ORDERED that the Complaint and the action are dismissed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   23rd   day of     October    , 2015.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court