IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02310-LTB

R. KIRK MCDONALD,

    Plaintiff,

v.

COLORADO'S 5TH JUDICIAL DISTRICT,
THE HONORABLE FREDERICK WALKER GANNETT, District Court Judge, 5th Judicial District, Colorado,
COLORADOO'S 18TH JUDICIAL DISTRICT,
THE HONORABLE MARK HANNEN, District Court Judge, 18th Judicial District, Colorado,
COLORADO ATTORNEY GENERAL CYNTHIA COFFMAN, and
ARAPAHOE COUNTY DIST. ATTORNEY,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, R. Kirk McDonald, has filed *pro se* "Plaintiff's F.R.C.P. Rule 59 Motion" (ECF No. 7) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on October 23, 2015.   Mr. McDonald also asks the Court to recuse itself from further involvement in this case.

    The Court must construe the motion liberally because Mr. McDonald is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For the reasons discussed below, the motion will be denied.

    The Court first will address Mr. McDonald's request that the Court recuse itself from further involvement in this case.   The Court will consider the request to recuse

pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455.  Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted).  The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. McDonald has not submitted a timely and sufficient affidavit of personal bias

and prejudice and he fails to make any reasoned argument that would demonstrate an appearance of partiality.   Mr. McDonald merely disagrees with the Court's order dismissing this action.   However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."   *Liteky v. United States*, 510 U.S. 540, 555 (1994).   Therefore, the request to recuse will be denied.

The Court next will address Mr. McDonald's request to reconsider.   A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.   *See* Fed. R. Civ. P. 59(e).   The Court will consider the motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action.   *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."   *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).   Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."   *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. McDonald initiated this action by filing a complaint asserting three claims for relief contending his federal constitutional rights have been violated as a result of adverse

rulings in Colorado state court cases.   The Court determined that, if the state court proceedings are final, the Court lacks jurisdiction to consider Mr. McDonald's claims pursuant to the *Rooker-Feldman* doctrine.   *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   However, if the state court proceedings are not final as Mr. McDonald contends, the Court determined that abstention is appropriate pursuant to the *Younger* abstention doctrine.   *See Younger v. Harris*, 401 U.S. 37, 44 (1971).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. McDonald fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action.   Mr. McDonald's contention that his constitutional rights are being violated is not sufficient to demonstrate the Court has and should exercise jurisdiction over those claims in this action at this time.   Accordingly, it is

ORDERED that "Plaintiff's request to recuse and F.R.C.P. Rule 59 Motion" (ECF No. 7) are DENIED.

DATED at Denver, Colorado, this   16th   day of    November    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court